SUPREME COURT OF ARIZONA

VOICE OF SURPRISE, et al.,            )   Arizona Supreme Court
                                      )   No. CV-23-0117-PR
          Plaintiffs/Appellants,      )
                                      )   Court of Appeals
              v.                      )   Division One
                                      )   No. 1 CA-CV 22-0696 EL
SKIP HALL, et al.,                    )
                                      )   Maricopa County
          Defendants/Appellees.       )   Superior Court
                                      )   No. CV 2022-013360
_____     )
                                          **FILED 06/23/2023**

**DECISION ORDER**

Before the Court is an expedited election appeal regarding an effort by Appellants Voice of Surprise, a political action committee, and Quintus Schulzke, its chairperson, to refer Surprise, Arizona, City Council Ordinance 2022-18 to a vote of the city's electorate. We issue this decision order with a more explanatory opinion to follow so that the parties can proceed expeditiously to conclude this matter. The Court's decision is unanimous.

Ordinance 2022-18 adopted a preliminary development plan for a large area of property that Appellees Dominium, Inc. and Truman Ranch 46 SWC LLC (collectively, "Private Defendants") seek to develop. To succeed in referring the Ordinance to the ballot, Appellants were required to gather supportive signatures from ten percent of the electorate who voted in the previous election at which a mayor or council members were chosen. *See* Ariz. Const. art. 4, pt. 1, § 1(8); A.R.S. § 19-142(A). Appellants initiated that effort on August 29, 2022, by filing an application for a petition serial number and a

statement of organization with the City Clerk for the City of Surprise. *See* A.R.S. § 19-111(A). But the application did not set forth the text of Ordinance 2022-18, as required by § 19-111(A). Although the City Clerk realized the error, she accepted the application without comment and issued a serial number for placement on petition sheets Appellants circulated for signatures.

Appellants returned to the City Clerk's Office on September 16 and submitted petition sheets bearing 5,432 signatures supporting referral of Ordinance 2022-18 to the ballot. There is no dispute that the petition sheets properly attached the Ordinance for review by people signing the petition sheets. *See* A.R.S. § 19-112(B) (requiring attachment). Thereafter, Appellee Dominium urged the City Clerk to reject the petitions for multiple reasons, including Appellants' failure to attach the Ordinance to the application for a petition serial number. On October 5, the City Clerk rejected all the petition sheets and signatures based on this application error.

Appellants initiated this action by filing a complaint against the City Clerk, other City of Surprise officials, and the Private Defendants pursuant to A.R.S. § 19-122(A). Appellants asked the superior court to compel the City Clerk to accept the petition sheets and signatures and process them in accordance with A.R.S. § 19-121.01 to determine whether enough valid signatures supported placing the referendum on the ballot. *See* A.R.S. § 19-141(A) (applying A.R.S. §§ 19-101 to -161 to referenda concerning municipal legislation).

Dominium filed an answer and counterclaim challenging the legal sufficiency of the referendum for multiple reasons, including the application error.

After holding an evidentiary hearing on Appellants' application for preliminary and permanent injunctive relief, the court denied Appellants' requested relief and entered judgment for Appellees. It reasoned that because Appellants were required to strictly comply with the statutory requirements directing the referendum process, *see* A.R.S. § 19-101.01, Appellants' failure to file an application that strictly complied with § 19-111(A) was fatal to the referendum effort. The court of appeals affirmed. *See Voice of Surprise v. Skip Hall*, 2023 WL 3107268, at *5 ¶ 26 (Ariz. App. Apr. 27, 2023). We granted review to address whether the application error entitled the City Clerk to reject the petition sheets and all signatures.

We agree with the superior court and the court of appeals that Appellants failed to strictly comply with § 19-111(A) by omitting the text of Ordinance 2022-18 in the application for a petition serial number. We reject Appellants' argument that this error served only to destroy the legal presumption that the gathered signatures are valid, and that Appellants restored that presumption by showing that the objective underlying § 19-111(A)'s requirement was otherwise satisfied. There is no challenge presently that the petition signatures were improperly gathered from qualified electors and therefore invalid. Whether or not the application complied with

§ 19-111(A), the validity of the signatures is unaffected, and there is nothing to "restore."

The application for a petition serial number cannot be corrected at this late date to include the text of Ordinance 2022-18. *See Direct Sellers Ass'n v. McBrayer*, 109 Ariz. 3, 5 (1972) (disagreeing that referendum proponents could "amend their petitions to comply with the verification provision" outside the time permitted for initiating the referendum effort). Nor can we excuse Appellants' omission as a harmless error on the ground that neither the City Clerk nor the electorate were confused about which Ordinance was the subject of the proposed referendum. Doing so would mean advancing a referendum effort that only substantially complied with statutory requirements in violation of the legislative directive for strict compliance. *See* § 19-101.01. Notably, Appellants do not argue requiring strict compliance with § 19-111(A)'s requirement to include the text of a challenged ordinance in the application as well as the petition sheets unreasonably hindered or restricted Appellants' constitutional right of referendum. *See id.*

We also disagree with Appellants that their reliance on the City Clerk's acceptance of the application excused strict compliance with § 19-111(A). The Clerk performs a ministerial role in accepting applications and issuing petition serial numbers. She must accept and process any application submitted on the required form without regard to its legal sufficiency. Section 19-111(A) only authorizes

the Clerk to reject an application if it is unaccompanied by the applicant's statement of organization. That did not occur here. Consequently, the Clerk had no discretion to reject the application but was required to accept it and issue a serial number. Doing so did not cure Appellants' non-compliance with § 19-111(A).

The City Clerk also had no obligation to tell Appellants they had omitted the text of Ordinance 2022-18 from the application. Section 19-111(B) formerly authorized city clerks to "advise the person who has submitted the petition with a written statement of any defects of which [the city clerk] is aware, but the [city clerk] shall not refuse to assign a number to the petition." *See* 1991 Ariz. Sess. Laws ch. 1, § 1 (3d Sp. Sess.). But the legislature amended the statute to remove that provision in 1991. *Id*. This intentional elimination of statutory discretion by the Clerk to advise applicants of defects also means she certainly had no obligation to advise Appellants of the defect here.

Nevertheless, we conclude that the City Clerk erred by rejecting the petition sheets and signatures submitted by Appellants. Sections 19-114(B), 19-121(C), 19-121.01, and 19-121.04 direct with exacting detail how the Clerk must process the petition sheets, count the signatures, and determine whether sufficient signatures support the referendum. For example, within twenty days of receiving a referendum petition, the Clerk must remove petition sheets not containing a circulator's completed, signed, and unmodified

affidavit. § 19-121.01(A)(1)(d). But nothing authorizes the Clerk to reject petition sheets and signatures because the application for a serial number was legally insufficient. *See Leach v. Reagan*, 245 Ariz. 430, 436 ¶ 23 (2018) ("Relatedly, nothing in Title 19 authorizes or requires the Secretary to disqualify petition sheets or signatures if the statement of organization, or any amendments to it, did not comply with § 16-906. In contrast, elsewhere in Title 19, the legislature has explicitly stated the Secretary's obligation to investigate the accuracy of initiative-related filings.").

At oral argument before this Court, the City Clerk argued that § 19-101.01's strict compliance directive for the "application and enforcement" of the referendum statutes authorized her to reject the petition sheets and signatures. We disagree. That provision does not authorize the Clerk or anyone else to enforce strict compliance with the statutes. And determining whether an application is legally sufficient is a matter for a court to decide, not the Clerk. *See W. Devcor, Inc. v. City of Scottsdale,* 168 Ariz. 426, 431 (1991) ("[O]ur statutes do not authorize, nor would our constitution permit, [the Secretary of State's Office] to pass ultimate judgment on whether petitions comply with constitutional requirements. That is a judicial function.").

The City Clerk's lack of authority to reject the petition sheets and signatures for the application error does not end this matter. As mentioned, Dominium filed a counterclaim challenging the

referendum petitions on multiple bases, including that the application failed to strictly comply with § 19-111(A). Appellants did not answer the counterclaim, but the time for doing so had not expired before the superior court entered its ruling on the request for a preliminary and permanent injunction. As Appellants note, it was not able to assert a laches defense against the City defendants. *See Mohave Cnty. v. Mohave-Kingman Ests., Inc.*, 120 Ariz. 417, 421 (1978) ("In general, equitable defenses . . . will not lie against the state, its agencies or subdivisions in matters affecting governmental or sovereign functions."). But Appellants can assert the defense against Dominium, and they should be given that opportunity on remand.

To clarify, we have decided that Appellants did not strictly comply with § 19-111(A), and that error cannot be undone. All parties have had ample opportunity to be heard on that issue, and the superior court is bound by our decision. We remand to permit Appellants to file an answer to the counterclaim and raise any applicable equitable defenses against Dominium. By doing so, we take no position on the merits of any such defenses.

**FOR THE FOREGOING REASONS,**

**IT IS ORDERED** vacating the court of appeals' opinion.

**IT IS FURTHER ORDERED** reversing the superior court's judgment and remanding to that court to permit Appellants to answer the Dominium counterclaim and allege any applicable equitable defenses.

The court should thereafter address the merits of any such defenses.

**IT IS FURTHER ORDERED** a written opinion detailing the Court's reasoning will follow in due course.

DATED this 23rd day of June, 2023.

_____/s/_____
ROBERT BRUTINEL
Chief Justice

TO:
Timothy A LaSota
Robert W Wingo
Ellen M Van Riper
Melinda A Bird
Jeffrey D Gross
Cameron C Artigue
Hon Scott A Blaney
Michael W Zimmerman
Jennifer Wright
Nancy L Davidson
Daniel J Adelman
Kory A Langhofer
Thomas J Basile
Amy M Wood
Hon Joseph C Welty
Hon Danielle Viola
Hon Jeff Fine

blc